UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HENRI FECTEAU,<br><br>Petitioner,<br><br>v.<br><br>RUTH MARIE YOUNG,<br><br>Respondent. | No. 2:20-cv-00334-GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Petitioner, a state prisoner proceeding in pro se, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

     Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Petitioner has now filed a first amended habeas petition. In its current form, the amended petition contains the same pleading deficiencies as his initial habeas petition. In the court's March 2, 2020 screening order, the undersigned noted it was "unclear whether petitioner is challenging his

1 conviction, a potential parole denial, or seeking to bring a civil rights action." ECF No. 3 at 2.
2 The pending amended petition fares no better. Petitioner states he "is not intending to file a
3 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254" and "is neither attacking the
4 conviction of the controlling sentence nor the possibility of a constitutional error in the court of
5 the controlling case at this time." ECF No. 7 at 1-2. However, review of the amended petition
6 seems to indicate that petitioner *is* challenging a parole denial, or a parole eligibility denial, even
7 though petitioner does not raise due process violations within his habeas petition . Instead,
8 petitioner alleges civil tort claims. Even assuming petitioner seeks to file a civil rights action
9 instead of a habeas action, petitioner fails to allege cognizable defendants or claims. Moreover, a
10 writ of habeas corpus is not the appropriate vehicle for such relief.  "[A] district court shall
11 entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to
12 the judgment of a State court only on the ground that he is in custody in violation of the
13 Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).
14 Based on the instant deficiencies in the first amended petition, amendment would be futile.
15 Accordingly, this petition should be summarily dismissed without prejudice.
16    Petitioner has further filed a motion for extension of time to file his amended petition.
17 ECF No. 6. However, petitioner timely filed his amended petition. The undersigned will deny the
18 request for an extension of time as unnecessary.
19    In accordance with the above, IT IS HEREBY ORDERED that:
20    1.  Petitioner's application to proceed in forma pauperis (ECF No. 8) is granted;
21    2.  Petitioner's motion for an extension of time (ECF No. 6) is denied as unnecessary; and
22    3.  The Clerk of the Court shall assign this case to a district judge.
23    Further, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus
24 (ECF No. 7) be summarily DISMISSED without prejudice.
25    These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days
27 after being served with these findings and recommendations, petitioner may file written
28 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: May 1, 2020

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE